IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEFF BAZILE #1826751 | § | |
| | § | |
| V. | § | A-18-CA-965-LY |
| | § | |
| RITA HANSON and JESSICA HAILE | § | |

# REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court is Plaintiff's complaint. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Travis County Correctional Complex. Plaintiff sues Rita Hanson, the grandmother of his children. He also sues Jessica Haile, an alleged counselor at Child Protective Services. Plaintiff claims Hanson filed a false report about him and Haile took his children. Plaintiff seeks the custody of his children and damages in the amount of $50,000.

1

## DISCUSSION AND ANALYSIS

A. <u>Standard Under 28 U.S.C. § 1915(e)</u>

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. <u>Green v. McKaskle</u>, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." <u>Farguson v. MBank Houston, N.A.</u>, 808 F.2d 358, 359 (5th Cir. 1986).

B. <u>Defendant Rita Hanson</u>

The provisions of 42 U.S.C. § 1983 state that every person who acts under color of state law to deprive another of constitutional rights shall be liable to the injured party. A civil rights plaintiff must show an abuse of government power that rises to a constitutional level in order to state a cognizable claim. <u>Love v. King</u>, 784 F.2d 708, 712 (5th Cir. 1986); <u>Williams v. Kelley</u>, 624 F.2d 695, 697 (5th Cir. 1980), <u>cert. denied</u>, 451 U.S. 1019 (1981). Section 1983 suits may be instituted to sue a state employee, or state entity, using or abusing power that is possessed by virtue of state law to violate a person's constitutional rights. <u>See</u>, <u>Monroe v. Pape</u>, 365 U.S. 167, 184 (1961); <u>accord</u>, <u>Brown v. Miller</u>, 631 F.2d 408, 410-11 (5th Cir. 1980). A private person may be amenable to suit only when the person is a willful participant in joint action with the State or its agents.

Dennis v. Sparks, 449 U.S. 24, 27 (1980). To prevail on a Section 1983 conspiracy claim against an otherwise private party, the plaintiff must allege and prove an agreement between the private party and persons acting under color of state law to commit an illegal act and an actual deprivation of the plaintiff's constitutional rights in furtherance of that agreement. See, Hale v. Townley, 45 F.3d 914, 920 (5th Cir. 1995).

Plaintiff has not shown Rita Hanson is a state actor. In addition, Plaintiff does not a allege Hanson conspired with state actors to violate Plaintiff's constitutional rights. As such, Plaintiff has failed to state a claim upon which relief may be granted with regard to Defendant Hanson.

    C.    Defendant Jessica Haile

In order to prevail on a claim under Section 1983, a plaintiff must establish that the defendant deprived the plaintiff of his constitutional rights while acting under the color of state law. Moody v. Farrell, 868 F.3d 348, 351 (5th Cir. 2017). Government officials are entitled to qualified immunity from liability for civil damages "unless [ (1) ] the official violated a statutory or constitutional right [ (2) ] that was clearly established at the time of the challenged conduct." Reichle v. Howards, 566 U.S. 658, 664 (2012)(citing Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011)). A constitutional right is clearly established by pre-existing law if the unlawfulness of the conduct challenged would be apparent to a reasonably competent official. Morris v. Dearborne, 181 F.3d 657, 666 (5th Cir. 1999).

Defendant Haile is a state actor. However, she is protected by qualified immunity. Plaintiff simply alleges Haile took his children. Plaintiff fails to allege the violation of any constitutional right. Thus, Plaintiff fails to state a claim upon which relief may be granted with regard to Defendant Haile.

D.  Custody of Children

Included in Plaintiff's request for relief is a request for custody of his children. Although Plaintiff's complaint is not clear, he appears to be making a collateral attack on a state court judgment regarding the custody of his children. As such, his claim is barred by the Rooker-Feldman doctrine.

The Rooker–Feldman doctrine "directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments." Saloom v. Tex. Dept of Family & Child Protective Servs., 578 Fed. Appx. 426, 428–29 (5th Cir. 2014) (quoting Liedtke v. State Bar of Tex., 18 F.3d 315, 317 (5th Cir. 1994)). The doctrine "is 'narrow' and only applies when the plaintiff seeks the 'review and rejection' of a state court judgment." Id. (quoting Exxon Mobil Corp. v. Saudi Basic. Indus. Corp., 544 U.S. 280, 284 (2005)). To the extent Plaintiff seeks the custody of his children he must pursue his claims in state court.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims for monetary damages are dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). It is further recommended that Plaintiff's claims for child custody are dismissed without prejudice for want of jurisdiction.

It is further recommended that Plaintiff be warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless he is in imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

In the event this Report and Recommendation is accepted, adopted or approved, it is recommended that the Court direct the Clerk to e-mail a copy of its order and judgment to the keeper of the three-strikes list.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on December 17, 2018.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE